ON REHEARING
Before AYRES, BOLIN, PRICE, HEARD and HALL, JJ.
HALL, Judge.
On rehearing, defendant M&M Manufacturing Company, Inc., has urged error in our original opinion in several respects. Principally, defendant reurges its basic position that the contract with plaintiff, Del Cryer, should be set aside because of error of fact, failure of cause and redhibi-tory defects. It is contended that the.principal cause or motive for the contract was the right to manufacture and distribute a high temperature, long-burning orchard heater which could be sold in large quantities to orchard farmers and that defendant never would have entered into the contract if it had known the heater would soot up after a few hours use, rendering it unmarketable as originally contemplated by both parties. Defendant also contends that the error of fact was induced by plaintiff’s misrepresentations.
We have carefully considered the allegations of error and reach the conclusion that our original judgment is correct and should be reinstated, with some clarification or restatement of the reasons for our decision.
By virtue of the contract involved in this case, plaintiff sold and defendant purchased the “ * * * entire manufacturing rights, distribution rights, production rights and all rights of whatsoever kind and nature necessary for the manufacture and sale of the Jet-Glo Multi Purpose Heater * * * The incorporeal thing sold was the right to manufacture and distribute a product for which the seller held *74 a patent or patent application. The right to manufacture and distribute was the principal cause of the contract. The seller had this right, transferred it to the buyer, and the buyer got what it paid for. There was no vice or defect in the thing sold and there was no error or vice of consent or failure of cause as to the thing sold or the principal cause of the contract, that is, the right to manufacture and distribute.
The purchase of the right to manufacture a new invention or product always involves considerable risk as to ultimate profitability of the venture. Entering into whether the manufacturer can profitably manufacture and market the product are many factors including performance of the product, cost of materials, cost of labor, market conditions, competitive products, and others. Here, defendant was unable to perfect the product to a point where it could be successfully manufactured and sold in the manner originally envisioned and hoped for by both the seller and buyer. The fact that the venture did not turn out to be a success for the buyer-manufacturer should not entitle the buyer to set aside the contract and demand a return of the purchase price and damages as it received and still has what it paid for, that is, the right to manufacture and distribute. This may be a right without substantial value at this point, but the buyer purchased and received the rights which it considered valuable and worthy of pursuit at the time the contract was executed. The evidence does not support a finding that the product is totally worthless or without value or utility, although it is certainly true that it does not have the long-burning characteristic which indicated a substantial profit potential in sales to orchard growers.
One of the issues raised by the parties is whether redhibition is applicable to the sale of an incorporeal. We do not consider it necessary to pass directly on this issue because even if redhibition is applicable to the sale of incorporeals generally, it does not apply in this case. There was no vice or defect in the thing sold, the right to manufacture, and thus redhibition is not available to the defendant here.
In our original decision, we denied plaintiff’s claim for attorney’s fees, stating that in order for plaintiff to be entitled to attorney’s fees as part of his damages it must be shown that there was bad faith on the part of defendant. In view of our decision in Lloyd v. Merit Loan Company of Shreveport, Inc., 253 So.2d 117, decided this day, we point out that bad faith is immaterial and that plaintiff is not entitled to attorney’s fees for the reason that they are not provided for here either by statute or contract.
For the reasons assigned, our original judgment is reinstated.
AYRES, J., dissents with written reasons.